# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| **ESTATE OF LOUISE BLYTH TIMKEN** (Deceased) **W.R. Timken, Jr. and Ward J. Timken, Co-Executors** c/o Timken Family, L.L.C. 200 Market Avenue North Canton, Ohio 44702-1437 | ) ) ) ) ) ) ) |
| and | ) ) |
| **HENRY H. TIMKEN, JR. TRUST FUND A** Mellon Bank, N.A., Current Trustee Key Bank, N.A., Former Trustee c/o Timken Family, L.L.C. 200 Market Avenue North Canton, Ohio 44702-1437, | ) ) ) ) ) ) ) ) |
| and | ) ) |
| **HENRY H. TIMKEN, JR. TRUST FUND A1A FBO ALEXANDER C. TIMKEN** Mellon Bank, N.A., Current Trustee Key Bank, N.A., Former Trustee c/o Timken Family, L.L.C. 200 Market Avenue North Canton, Ohio 44702-1437, | ) ) ) ) ) ) ) ) ) ) |
| and | ) ) |
| **HENRY H. TIMKEN, JR. TRUST FUND A1B FBO PETER T. TOOT** Mellon Bank, N.A., Current Trustee Key Bank, N.A., Former Trustee c/o Timken Family, L.L.C. 200 Market Avenue North Canton, Ohio 44702-1437, | ) ) ) ) ) ) ) ) ) |
| and | ) ) ) ) |

**5:04 CV 1188**

CASE NO.

JUDGE _____

## JUDGE ADAMS

MAG. JUDGE GALLAS

ORIGINAL

HENRY H. TIMKEN, JR. TRUST FUND A1C        )
FBO ELIZABETH BURNHAM TIMKEN               )
Mellon Bank, N.A., Current Trustee         )
Key Bank, N.A., Former Trustee             )
c/o Timken Family, L.L.C.                  )
200 Market Avenue North                    )
Canton, Ohio 44702-1437,                   )
                                           )
and                                        )
                                           )
HENRY H. TIMKEN, JR. TRUST FUND A2A        )
FBO SUSAN MEAD MATTHEWS                    )
Mellon Bank, N.A., Current Trustee         )
Key Bank, N.A., Former Trustee             )
c/o Timken Family, L.L.C.                  )
200 Market Avenue North                    )
Canton, Ohio 44702-1437,                   )
                                           )
and                                        )
                                           )
HENRY H. TIMKEN, JR. TRUST FUND A2B        )
FBO THOMAS WESLEY MATTHEWS                 )
Mellon Bank, N.A., Current Trustee         )
Key Bank, N.A., Former Trustee             )
c/o Timken Family, L.L.C.                  )
200 Market Avenue North                    )
Canton, Ohio 44702-1437,                   )
                                           )
and                                        )
                                           )
HENRY H. TIMKEN, JR. TRUST FUND A2C        )
FBO ANNA VIRGINIE CORWIN TIMKEN            )
Mellon Bank, N.A., Current Trustee         )
Key Bank, N.A., Former Trustee             )
c/o Timken Family, L.L.C.                  )
200 Market Avenue North                    )
Canton, Ohio 44702-1437,                   )
                                           )
and                                        )
                                           )
                                           )
                                           )
                                           )
                                           )
                                           )

HENRY H. TIMKEN, JR. TRUST FUND A2D )
FBO NICHOLAS TIMKEN )
Mellon Bank, N.A., Current Trustee )
Key Bank, N.A., Former Trustee )
c/o Timken Family, L.L.C. )
200 Market Avenue North )
Canton, Ohio 44702-1437, )
)
and )
)
HENRY H. TIMKEN, JR TRUST FUND A2E )
FBO JOHN HENRY TIMKEN )
Mellon Bank, N.A., Current Trustee )
Key Bank, N.A., Former Trustee )
c/o Timken Family, L.L.C. )
200 Market Avenue North )
Canton, Ohio 44702-1437, )
)
and )
)
HENRY H. TIMKEN, JR TRUST FUND A2F )
FBO STUART MORGAN TIMKEN )
Mellon Bank, N.A., Current Trustee )
Key Bank, N.A., Former Trustee )
c/o Timken Family, L.L.C. )
200 Market Avenue North )
Canton, Ohio 44702-1437, )
)
PLAINTIFFS, )
)
v. )
)
UNITED STATES OF AMERICA )
  c/o United States Attorney General )
  U.S. Department of Justice )
  Washington, D.C. 20530 )
)
  c/o United States Attorney )
  Northern District of Ohio )
  Carl B. Stokes U.S. Courthouse )
  801 West Superior Avenue )
  Cleveland, Ohio  44113-1830 )
)
)
DEFENDANT. )
)
)
)

3

## COMPLAINT
### (Demand for Jury Trial)

Plaintiffs the Estate of Louise Blyth Timken; Henry H. Timken, Jr. Trust Fund A; Henry H. Timken, Jr. Trust Fund A1A FBO Alexander C. Timken; Henry H. Timken, Jr. Trust Fund A1B FBO Peter T. Toot; Henry H. Timken, Jr. Trust Fund A1C FBO Elizabeth Burnham Timken; Henry H. Timken, Jr. Trust Fund A2A FBO Susan Mead Matthews; Henry H. Timken, Jr. Trust Fund A2B FBO Thomas Wesley Matthews; Henry H. Timken, Jr. Trust Fund A2C FBO Anna Virginie Corwin Timken; Henry H. Timken, Jr. Trust Fund A2D FBO Nicholas Timken; Henry H. Timken, Jr. Trust Fund A2E FBO John Henry Timken; Henry H. Timken, Jr. Trust Fund A2F FBO Stuart Morgan Timken  (hereafter collectively referred to as "Plaintiffs"), by their attorneys, hereby file their Complaint against Defendant United States of America (hereafter "Defendant") and state as follows:

1.      This is an action seeking a refund from Defendant of generation-skipping transfer (GST) tax paid by Plaintiffs.

2.      One or more, but not all, of the Plaintiffs are entitled to the GST tax refund sought herein.  It is not clear which one of the Plaintiffs is entitled to the GST tax refund.  Plaintiffs do not seek a double or triple recovery by joining in the filing of this Complaint.

3.      Plaintiff Estate of Louise Blyth Timken (Deceased) ("the Estate") is pending in the Probate Court of Stark County, Ohio, Case No.184002, and is within the jurisdiction of this Court.  W.R. Timken, Jr. and Ward J. Timken are the co-executors of the Estate and have authorized the filing of this action.

4.      Plaintiff Henry H. Timken, Jr. Trust Fund A ("the Trust") was created in Canton, or Cleveland, Ohio, maintains its office at Timken Family, L.L.C., 200 Market Avenue North,

Canton, Ohio 44702, and is within the jurisdiction of this Court. Mellon Bank, N.A., is the current Trustee of the Trust. Key Bank, N.A., was the trustee of the Trust at the time the payment of the GST tax occurred. Both Mellon Bank, N.A. and Key Bank, N.A. have authorized the filing of this action.

     5.    Plaintiff Henry H. Timken, Jr. Trust Fund A1A FBO Alexander C. Timken ("the Alexander Timken Trust") was created in Canton, Stark County, Ohio, maintains its office at Timken Family, L.L.C., 200 Market Avenue North, Canton, Ohio 44702, and is within the jurisdiction of this Court. Mellon Bank, N.A., is the current Trustee of the Trust. Key Bank, N.A., was the trustee of the Trust at the time the payment of the GST tax occurred. Both Mellon Bank, N.A. and Key Bank, N.A. have authorized the filing of this action.

     6.    Plaintiff Henry H. Timken, Jr. Trust Fund A1B FBO Peter T. Toot ("the Peter Toot Trust") was created in Canton, Stark County, Ohio, maintains its office at Timken Family, L.L.C., 200 Market Avenue North, Canton, Ohio 44702, and is within the jurisdiction of this Court. Mellon Bank, N.A., is the current Trustee of the Trust. Key Bank, N.A., was the trustee of the Trust at the time the payment of the GST tax occurred. Both Mellon Bank, N.A. and Key Bank, N.A. have authorized the filing of this action.

     7.    Plaintiff Henry H. Timken, Jr. Trust Fund A1C FBO Elizabeth Burnham Timken ("the Elizabeth Timken Trust") was created in Canton, Stark County, Ohio, maintains its office at Timken Family, L.L.C., 200 Market Avenue North, Canton, Ohio 44702, and is within the jurisdiction of this Court. Mellon Bank, N.A., is the current Trustee of the Trust. Key Bank, N.A., was the trustee of the Trust at the time the payment of the GST tax occurred. Both Mellon Bank, N.A. and Key Bank, N.A. have authorized the filing of this action.

8. Plaintiff Henry H. Timken, Jr. Trust Fund A2A FBO Susan Mead Matthews ("the Susan Matthews Trust") was created in Canton, Stark County, Ohio, maintains its office at Timken Family, L.L.C., 200 Market Avenue North, Canton, Ohio 44702, and is within the jurisdiction of this Court. Mellon Bank, N.A., is the current Trustee of the Trust. Key Bank, N.A., was the trustee of the Trust at the time the payment of the GST tax occurred. Both Mellon Bank, N.A. and Key Bank, N.A. have authorized the filing of this action.

9. Plaintiff Henry H. Timken, Jr. Trust Fund A2B FBO Thomas Wesley Matthews ("the Thomas Matthews Trust") was created in Canton, Stark County, Ohio, maintains its office at Timken Family, L.L.C., 200 Market Avenue North, Canton, Ohio 44702, and is within the jurisdiction of this Court. Mellon Bank, N.A., is the current Trustee of the Trust. Key Bank, N.A., was the trustee of the Trust at the time the payment of the GST tax occurred. Both Mellon Bank, N.A. and Key Bank, N.A. have authorized the filing of this action.

10. Plaintiff Henry H. Timken, Jr. Trust Fund A2C FBO Anna Virginie Corwin Timken ("the Anna Timken Trust") was created in Canton, Stark County, Ohio, maintains its office at Timken Family, L.L.C., 200 Market Avenue North, Canton, Ohio 44702, and is within the jurisdiction of this Court. Mellon Bank, N.A., is the current Trustee of the Trust. Key Bank, N.A., was the trustee of the Trust at the time the payment of the GST tax occurred. Both Mellon Bank, N.A. and Key Bank, N.A. have authorized the filing of this action.

11. Plaintiff Henry H. Timken, Jr. Trust Fund A2D FBO Nicholas Timken ("the Nicholas Timken Trust") was created in Canton, Stark County, Ohio, maintains its office at Timken Family, L.L.C., 200 Market Avenue North, Canton, Ohio 44702, and is within the jurisdiction of this Court. Mellon Bank, N.A., is the current Trustee of the Trust. Key Bank,

N.A., was the trustee of the Trust at the time the payment of the GST tax occurred. Both Mellon Bank, N.A. and Key Bank, N.A. have authorized the filing of this action.

12.  Plaintiff Henry H. Timken, Jr. Trust Fund A2E FBO John Henry Timken ("the John Timken Trust") was created in Canton, Stark County, Ohio, maintains its office at Timken Family, L.L.C., 200 Market Avenue North, Canton, Ohio 44702, and is within the jurisdiction of this Court. Mellon Bank, N.A., is the current Trustee of the Trust. Key Bank, N.A., was the trustee of the Trust at the time the payment of the GST tax occurred. Both Mellon Bank, N.A. and Key Bank, N.A. have authorized the filing of this action.

13.  Plaintiff Henry H. Timken, Jr. Trust Fund A2F FBO Stuart Morgan Timken ("the Stuart Timken Trust") was created in Canton, Stark County, Ohio, maintains its office at Timken Family, L.L.C., 200 Market Avenue North, Canton, Ohio 44702, and is within the jurisdiction of this Court. Mellon Bank, N.A., is the current Trustee of the Trust. Key Bank, N.A., was the trustee of the Trust at the time the payment of the GST tax occurred. Both Mellon Bank, N.A. and Key Bank, N.A. have authorized the filing of this action.

14.  The Defendant is the United States of America, who, through its agency the Internal Revenue Service (IRS), has wrongfully withheld a refund of an overpayment of GST tax due to Plaintiffs. Defendant is within the jurisdiction of this Court.

15.  This Court has jurisdiction of this case under 28 U.S.C. §1346(a)(1).

16.  Venue is proper for this case in the United States District Court for the Northern District of Ohio, Eastern Division under 28 U.S.C. §1402(a)(1).

## FIRST COUNT

17.  Plaintiffs incorporate by reference, as if fully rewritten herein, paragraphs 1 through 16 of the Complaint.

18.     The Trust was originally planned by Henry H. Timken, Jr. of Canton, Ohio by a Trust Agreement dated November 17, 1936, which Agreement was subsequently modified in 1952 and 1964.

19.     Henry H. Timken, Jr. died on March 15, 1968, at which time the Trust became irrevocable.

20.     The terms of the Trust provided *inter alia* that upon the death of Henry H. Timken, Jr., his wife Louise B. Timken would be provided with income for life, plus such amounts of corpus as the Trustees in their discretion should choose to give her, and the remainder on her death to be distributed "in such manner and in such proportions as the donor's said wife (Louise B. Timken) may appoint by her last will and testament."

21.     No corpus was added to the Trust after September 24, 1985.

22.     Louise B. Timken died on October 3, 1998, and the Estate was thereby created.

23.     Louise B. Timken did not exercise her general power of appointment.

24.     Under the terms of the Trust providing for disposition of the Trust in the event that the general power of appointment was not exercised, upon Louise B. Timken's death, the principal divided equally so that one part would be for the benefit of the children of John M. Timken and the second part would be for the benefit of the children of W.R. Timken. John M. Timken and W.R. Timken were nephews of Henry H. Timken, Jr. and Louise B. Timken.

25.     At the time that the Estate submitted its Federal Estate Tax Return (IRS Form 706) and its own federal estate tax payment, it also submitted the Generation-Skipping Transfer Tax Payment Voucher (IRS Schedule R-1) and a generation-skipping transfer tax payment of $4,077,252.80.  This was done in accordance with IRS Instructions related to the GST tax.

26.     The payment described above was made erroneously because, as a matter of fact and law, no GST tax was properly due from the Trust, the Estate, or from anyone else. Accordingly, the entire amount of the GST tax payment described above should be refunded with statutory interest.

27.     By letter dated June 24, 2002, which was received by Defendant on June 27, 2002, the Estate filed with Defendant a Claim for Refund (IRS Form 843) of the erroneous payment of the GST tax in the amount of $4,077,252.80, plus statutory interest thereon.  A true copy of the Estate's Claim for Refund is attached hereto and marked as Exhibit "1".

28.     The bases for the GST tax refund are contained in the attached Claim for Refund (Exhibit "1") and are incorporated herein by reference.

29.     Defendant has orally informed Plaintiffs' counsel that it denied the Trust's Claim for Refund of the GST tax, but has not yet issued the Statutory Notice of Claim Disallowance. More than six months has passed since the filing of the Claim for Refund.

30.     The denial of the Estate's refund claim was erroneous, wrongful and illegal in that the Estate was and is entitled to receive the refund of GST tax sought in the Claim for Refund (Exhibit "2"), plus statutory interest.

31.     Plaintiffs have overpaid Defendant $4,077,252.80 of GST tax.

32.     The Estate is entitled to a refund from Defendant of $4,077,252.80 of GST tax, plus statutory interest thereon.

## SECOND COUNT

33.     Plaintiffs incorporate by reference, as if fully rewritten herein, paragraphs 1 through 32 of the Complaint.

34.    No earlier than June 30, 1999, the co-executors of the Estate of Louise B. Timken filed IRS Form 706 for the Estate of Louis B. Timken, which included with it a Schedule R-1 (Generation-Skipping Transfer Tax Payment Voucher).  In addition to the federal estate tax, a GST tax of $4,077,252.80 was paid with the Form 706 and Schedule R-1.  This was done in accordance with IRS Instructions related to the GST tax.

35.    The payment described above was made erroneously because, as a matter of fact and law, no GST tax was properly due from the Trust, the Estate, or from anyone else. Accordingly, the entire amount of the GST tax payment described above should be refunded with statutory interest.

36.    By letter dated June 24, 2002, which was received by Defendant on June 27, 2002, the Trust filed with Defendant a Claim for Refund (IRS Form 843) of the erroneous payment of the GST tax in the amount of $4,077,252.80, plus statutory interest thereon.  A true copy of the Trust's Claim for Refund is attached hereto and marked as Exhibit "2".

37.    The bases for the GST tax refund are contained in the attached Claim for Refund (Exhibit "2") and are incorporated herein by reference.

38.    Defendant has orally informed Plaintiffs' counsel that it denied the Trust's Claim for Refund of the GST tax, but has not yet issued the Statutory Notice of Claim Disallowance. More than six months has passed since the filing of the Claim for Refund.

39.    The denial of the Trust's Claim for Refund was erroneous, wrongful and illegal in that the Trust was and is entitled to receive the refund of GST tax sought in the Claim for Refund, plus statutory interest.

40.    The Trust has overpaid Defendant $4,077,252.80 of GST tax.

41.     The Trust is entitled to a refund from Defendant of $4,077,252.80 in GST tax, plus statutory interest thereon.

## THIRD COUNT

42.     Plaintiffs incorporate by reference, as if fully rewritten herein, paragraphs 1 through 41 of the Complaint.

43.     Plaintiff Henry H. Timken, Jr. Trust Fund A1A fbo Alexander C. Timken is the successor in interest of a portion of the Henry H. Timken, Jr. Trust Fund A.

44.     The allocable portion of GST tax paid by the Plaintiffs was chargeable to the portion otherwise due the Alexander C. Timken Trust. That allocable portion is $339,771.07.

45.     By letter dated June 24, 2002, which was received by Defendant on June 27, 2002, the Alexander C. Timken Trust filed with Defendant a Claim for Refund (IRS Form 843) of the erroneous payment of the GST tax in the amount of $339,771.07, plus statutory interest thereon. A true copy of the Alexander C. Timken Trust's Claim for Refund is attached hereto and marked as Exhibit "3".

46.     The bases for the GST tax refund are contained in the attached Alexander C. Timken Trust Claim for Refund (Exhibit "3") and are incorporated herein by reference.

47.     Defendant has orally informed Plaintiffs' counsel that it denied the Trust's Claim for Refund of the GST tax, but has not yet issued the Statutory Notice of Claim Disallowance. More than six months has passed since the filing of the Claim for Refund.

48.     The denial of the Alexander C. Timken Trust Claim for Refund was erroneous, wrongful, and illegal in that the Alexander C. Timken Trust was and is entitled to receive the refund of GST tax sought in the Claim for Refund, plus statutory interest.

49.     Plaintiffs have overpaid Defendant $339,771.07 of GST tax.

50.     The Alexander C. Timken Trust is entitled to a refund from Defendant of $339,771.07 in GST tax, plus statutory interest thereon.

## FOURTH COUNT

51.     Plaintiffs incorporate by reference, as if fully rewritten herein, paragraphs 1 through 50 of the Complaint.

52.     Plaintiff Henry H. Timken, Jr. Trust Fund A1B fbo Peter T. Toot is the successor in interest of a portion of the Henry H. Timken, Jr. Trust Fund A.

53.     The allocable portion of GST tax paid by the Plaintiffs was chargeable to the portion otherwise due the Peter T. Toot Trust. That allocable portion is $339,771.07.

54.     By letter dated June 24, 2002, which was received by Defendant on June 27, 2002, the Peter T. Toot Trust filed with Defendant a Claim for Refund (IRS Form 843) of the erroneous payment of the GST tax in the amount of $339,771.07, plus statutory interest thereon. A true copy of the Peter T. Toot Trust's Claim for Refund is attached hereto and marked as Exhibit "4".

55.     The bases for the GST tax refund are contained in the attached Peter T. Toot Trust Claim for Refund (Exhibit "4") and are incorporated herein by reference.

56.     Defendant has orally informed Plaintiffs' counsel that it denied the Trust's Claim for Refund of the GST tax, but has not yet issued the Statutory Notice of Claim Disallowance. More than six months has passed since the filing of the Claim for Refund.

57.     The denial of the Peter T. Toot Trust Claim for Refund was erroneous, wrongful, and illegal in that the Peter T. Toot Trust was and is entitled to receive the refund of GST tax sought in the claim for refund, plus statutory interest.

58.     Plaintiffs have overpaid Defendant $339,772.07 of GST tax.

12

59.     The Peter T. Toot Trust is entitled to a refund from Defendant of $339,771.07 in GST tax, plus statutory interest thereon.

## FIFTH COUNT

60.     Plaintiffs incorporate by reference, as if fully rewritten herein, paragraphs 1 through 59 of the Complaint.

61.     Plaintiff Henry H. Timken, Jr. Trust Fund A1C fbo Elizabeth Burnham Timken is the successor in interest of a portion of the Henry H. Timken, Jr. Trust Fund A.

62.     The allocable portion of GST tax paid by the Plaintiffs was chargeable to the portion otherwise due the Elizabeth Burnham Timken Trust.   That allocable portion is $339,771.07.

63.     By letter dated June 24, 2002, which was received by Defendant on June 27, 2002, the Elizabeth Burnham Timken Trust filed with Defendant a Claim for Refund (IRS Form 843) of the erroneous payment of the GST tax in the amount of $339,771.07, plus statutory interest thereon.  A true copy of the Elizabeth Burnham Timken Trust's Claim for Refund is attached hereto and marked as Exhibit "5".

64.     The bases for the GST tax refund are contained in the attached Elizabeth Burnham Timken Trust Claim for Refund (Exhibit "5") and are incorporated herein by reference.

65.     Defendant has orally informed Plaintiffs' counsel that it denied the Trust's Claim for Refund of the GST tax, but has not yet issued the Statutory Notice of Claim Disallowance. More than six months has passed since the filing of the Claim for Refund.

66.     The denial of the Elizabeth Burnham Timken Trust Claim for Refund was erroneous, wrongful, and illegal in that the Elizabeth Burnham Timken Trust was and is entitled to receive the refund of GST tax sought in the Claim for Refund, plus statutory interest.

13

67.   Plaintiffs have overpaid Defendant $339,771.07 of GST tax.

68.   The Elizabeth Burnham Timken Trust is entitled to a refund from Defendant of $339,771.07 in GST tax, plus statutory interest thereon.

## SIXTH COUNT

69.   Plaintiffs incorporate by reference, as if fully rewritten herein, paragraphs 1 through 68 of the Complaint.

70.   Plaintiff Henry H. Timken, Jr. Trust Fund A2A fbo Susan Mead Matthews is the successor in interest of a portion of the Henry H. Timken, Jr. Trust Fund A.

71.   The allocable portion of GST tax paid by the Plaintiffs was chargeable to the portion otherwise due the Susan Mead Matthews Trust.  That allocable portion is $509,656.60.

72.   By letter dated June 24, 2002, which was received by Defendant on June 27, 2002, the Susan Mead Matthews Trust filed with Defendant a Claim for Refund (IRS Form 843) of the erroneous payment of the GST tax in the amount of $509,656.60, plus statutory interest thereon.  A true copy of the Susan Mead Matthews Trust's Claim for Refund is attached hereto and marked as Exhibit "6".

73.   The bases for the GST tax refund are contained in the attached Susan Mead Matthews Trust's Claim for Refund (Exhibit "6") and are incorporated herein by reference.

74.   Defendant has orally informed Plaintiffs' counsel that it denied the Trust's Claim for Refund of the GST tax, but has not yet issued the Statutory Notice of Claim Disallowance. More than six months has passed since the filing of the Claim for Refund.

75.   The denial of the Susan Mead Matthews Trust's Claim for Refund was erroneous, wrongful, and illegal in that the Susan Mead Matthews Trust was and is entitled to receive the refund of GST tax sought in the Claim for Refund, plus statutory interest.

76.     Plaintiffs have overpaid Defendant $509,656.60 of GST tax.

77.     The Susan Mead Matthews Trust is entitled to a refund from Defendant of $509,656.60 in GST tax, plus statutory interest thereon.

## SEVENTH COUNT

78.     Plaintiffs incorporate by reference, as if fully rewritten herein, paragraphs 1 through 77 of the Complaint.

79.     Plaintiff Henry H. Timken, Jr. Trust Fund A2B fbo Thomas Wesley Matthews is the successor in interest of a portion of the Henry H. Timken, Jr. Trust Fund A.

80.     The allocable portion of GST tax paid by the Plaintiffs was chargeable to the portion otherwise due the Thomas Wesley Matthews Trust.   That allocable portion is $509,656.60.

81.     By letter dated June 24, 2002, which was received by Defendant on June 27, 2002, the Thomas Wesley Matthews Trust filed with Defendant a Claim for Refund (IRS Form 843) of the erroneous payment of the GST tax in the amount of $509,656.60, plus statutory interest thereon.   A true copy of the Thomas Wesley Matthews Trust's Claim for Refund is attached hereto and marked as Exhibit "7".

82.     The bases for the GST tax refund are contained in the attached Thomas Wesley Matthews Trust's Claim for Refund (Exhibit "7") and are incorporated herein by reference.

83.     Defendant has orally informed Plaintiffs' counsel that it denied the Trust's Claim for Refund of the GST tax, but has not yet issued the Statutory Notice of Claim Disallowance. More than six months has passed since the filing of the Claim for Refund.

84.     The denial of the Thomas Wesley Matthews Trust's Claim for Refund was erroneous, wrongful, and illegal in that the Thomas Wesley Matthews Trust was and is entitled to receive the refund of GST tax sought in the claim for refund, plus statutory interest.

85.     Plaintiffs have overpaid Defendant $509,656.60 of GST tax.

86.     The Thomas Wesley Matthews Trust is entitled to a refund from Defendants of $509,656.60 in GST tax, plus statutory interest thereon.

## EIGHTH COUNT

87.     Plaintiffs incorporate by reference, as if fully rewritten herein, paragraph 1 through 86 of the Complaint.

88.     Plaintiff Henry H. Timken, Jr. Trust Fund A2C fbo Anna Virginie Corwin Timken is the successor in interest of a portion of the Henry H. Timken, Jr. Trust Fund A.

89.     The allocable portion of GST tax paid by the Plaintiffs was chargeable to the portion otherwise due the Anna Virginie Corwin Timken Trust.  That allocable portion is $509,656.60.

90.     By letter dated June 24, 2002, which was received by Defendant on June 27, 2002, the Anna Virginie Corwin Timken Trust filed with Defendant a Claim for Refund (IRS Form 843) of the erroneous payment of the GST tax in the amount of $509,656.60, plus statutory interest thereon.  A true copy of the Anna Virginie Corwin Timken Trust's Claim for Refund is attached hereto and marked as Exhibit "8".

91.     The bases for the GST tax refund are contained in the attached Anna Virginie Corwin Timken Trust's Claim for Refund (Exhibit "8") and are incorporated herein by reference.

92.    Defendant has orally informed Plaintiffs' counsel that it denied the Trust's Claim for Refund of the GST tax, but has not yet issued the Statutory Notice of Claim Disallowance. More than six months has passed since the filing of the Claim for Refund.

93.    The denial of the Anna Virginie Corwin Timken Trust Claim for Refund was erroneous, wrongful, and illegal in that the Anna Virginie Corwin Timken Trust was and is entitled to receive the refund of GST tax sought in the Claim for Refund, plus statutory interest.

94.    Plaintiffs have overpaid Defendant $509,656.60 of GST tax.

95.    The Anna Virginie Corwin Timken Trust is entitled to a refund from Defendant of $509,656.60 in GST tax, plus statutory interest thereon.

## NINTH COUNT

96.    Plaintiffs incorporate by reference, as if fully rewritten herein, paragraphs 1 through 95 of the Complaint.

97.    Plaintiff Henry H. Timken, Jr. Trust Fund A2D fbo Nicholas Timken is the successor in interest of a portion of the Henry H. Timken, Jr. Trust Fund A.

98.    The allocable portion of GST tax paid by the Plaintiffs was chargeable to the portion otherwise due the Nicholas Timken Trust.  That allocable portion is $509,656.60.

99.    By letter dated June 24, 2002, which was received by Defendant on June 27, 2002, the Nicholas Timken Trust filed with Defendant a Claim for Refund (IRS Form 843) of the erroneous payment of the GST tax in the amount of $509,656.60, plus statutory interest thereon. A true copy of the Nicholas Timken Trust's Claim for Refund is attached hereto and marked as Exhibit "9".

100.    The bases for the GST tax refund are contained in the attached Nicholas Timken Trust's Claim for Refund (Exhibit "9") and are incorporated herein by reference.

101.    Defendant has orally informed Plaintiffs' counsel that it denied the Trust's Claim for Refund of the GST tax, but has not yet issued the Statutory Notice of Claim Disallowance. More than six months has passed since the filing of the Claim for Refund.

102.    The denial of the Nicholas Timken Trust Claim for Refund was erroneous, wrongful, and illegal in that the Nicholas Timken Trust was and is entitled to receive the refund of GST tax sought in the Claim for Refund, plus statutory interest.

103.    Plaintiffs has overpaid Defendant $509,656.60 of GST tax.

104.    The Nicholas Timken Trust is entitled to a refund from Defendant of $509,656.60 in GST tax, plus statutory interest thereon.

## TENTH COUNT

105.    Plaintiffs incorporate by reference, as if fully rewritten herein, paragraphs 1 through 104 of the Complaint.

106.    Plaintiff Henry H. Timken, Jr. Trust Fund A2E fbo John Henry Timken is the successor in interest of a portion of the Henry H. Timken, Jr. Trust Fund A.

107.    The allocable portion of GST tax paid by the Plaintiffs was chargeable to the portion otherwise due the John Henry Timken Trust.  That allocable portion is $509,656.60.

108.    By letter dated June 24, 2002, which was received by Defendant on June 27, 2002, the John Henry Timken Trust filed with Defendant a Claim for Refund (IRS Form 843) of the erroneous payment of the GST tax in the amount of $509,656.60, plus statutory interest thereon.  A true copy of the John Henry Timken's claim for refund is attached hereto and marked as Exhibit "10".

109.    The bases for the GST tax refund are contained in the attached John Henry Timken Trust's Claim for Refund (Exhibit "10") and are incorporated herein by reference.

110.    Defendant has orally informed Plaintiffs' counsel that it denied the Trust's Claim for Refund of the GST tax, but has not yet issued the Statutory Notice of Claim Disallowance. More than six months has passed since the filing of the Claim for Refund.

111.    The denial of the John Henry Timken Trust Claim for Refund was erroneous, wrongful, and illegal in that the John Henry Timken Trust was and is entitled to receive the refund of GST tax sought in the Claim for Refund, plus statutory interest.

112.    Plaintiffs have overpaid Defendant $509,656.60 of GST tax.

113.    The John Henry Timken Trust is entitled to a refund from Defendant of $509,656.60 in GST tax, plus statutory interest thereon.

## ELEVENTH COUNT

114.    Plaintiffs incorporate by reference, as if fully rewritten herein, paragraphs 1 through 113 of the Complaint.

115.    Plaintiff Henry H. Timken, Jr. Trust Fund A2F fbo Stuart Morgan Timken is the successor in interest of a portion of the Henry H. Timken, Jr. Trust Fund A.

116.    The allocable portion of GST tax paid by the Plaintiffs was chargeable to the portion otherwise due the Stuart Morgan Timken Trust.  That allocable portion is $509,656.60.

117.    By letter dated June 24, 2002, which was received by Defendant on June 27, 2002, the Stuart Morgan Timken Trust filed with Defendant a Claim for Refund (IRS Form 843) of the erroneous payment of the GST tax in the amount of $509,656.60, plus statutory interest thereon.  A true copy of the Stuart Morgan Timken's Claim for Refund is attached hereto and marked as Exhibit "11".

118.    The bases for the GST tax refund are contained in the attached Stuart Morgan Timken Trust's Claim for Refund (Exhibit "11") and are incorporated herein by reference.

19

119.    Defendant has orally informed Plaintiffs' counsel that it denied the Trust's Claim for Refund of the GST tax, but has not yet issued the Statutory Notice of Claim Disallowance. More than six months has passed since the filing of the Claim for Refund.

120.    The denial of the Stuart Morgan Timken Trust Claim for Refund was erroneous, wrongful, and illegal in that the Stuart Morgan Timken Trust was and is entitled to receive the refund of GST tax sought in the Claim for Refund, plus statutory interest.

121.    The Stuart Morgan Timken Trust has overpaid Defendant $509,656.60 of GST tax.

122.    The Stuart Morgan Timken Trust is entitled to a refund from Defendant of $509,656.60 in GST tax, plus statutory interest thereon.

## **PRAYER**

WHEREFORE, Plaintiffs demand the entry of Judgment in their favor against Defendant United States of America as follows:

(a)     Awarding Plaintiff Estate a Judgment on the First Count in the amount of $4,077,252.80, plus statutory interest; or

(b)     Awarding Plaintiff Trust a Judgment on the Second Count in the amount of $4,077,252.80, plus statutory interest; or

(c)     Awarding Plaintiff Alexander C. Timken Trust a Judgment on the Third Count in the amount of $339,771.07, plus statutory interest; and

(d)     Awarding Plaintiff Peter T. Toot Trust a Judgment on the Fourth Count in the amount of $339,771.07, plus statutory interest; and

(e)      Awarding Plaintiff Elizabeth Burnham Timken Trust a Judgment on the Fifth Count in the amount of $339,771.06, plus statutory interest; and

(f)      Awarding Plaintiff Susan Mead Matthews Trust a Judgment on the Sixth Count in the amount of $509,656.60, plus statutory interest; and

(g)      Awarding Plaintiff Thomas Wesley Matthews Trust a Judgment on the Seventh Count in the amount of $509,656.60, plus statutory interest; and

(h)      Awarding Plaintiff Anna Virginie Corwin Timken Trust a Judgment on the Eighth Count in the amount of $509,656.60 plus statutory interest; and

(i)      Awarding Plaintiff Nicholas Timken Trust a Judgment on the Ninth Count in the amount of $509,656.60, plus statutory interest; and

(j)      Awarding Plaintiff John Henry Timken Trust a Judgment on the Tenth Count in the amount of $509,656.60, plus statutory interest; and

(k)      Awarding Plaintiff Stuart Morgan Timken Trust a Judgment on the Eleventh Count in the amount of $509,656.60, plus statutory interest.

(l)      Awarding Plaintiffs their expenses, attorneys' fees and court costs with respect to this case and all proceedings at the administrative levels in accordance with 26 U.S.C. §7430.

(m)    Awarding Plaintiffs any other relief as may be proper and just.

Matthew Yackshaw (#0019752)
William B. Badger   (#0019227)
DAY, KETTERER, RALEY, WRIGHT
    & RYBOLT, LTD.
Millennium Centre – Suite 300
200 Market Avenue, North
P.O. Box 24213
Canton, Ohio  44701-4213
(330) 455-0173 - Telephone
(330) 455-2633 - Facsimile

Attorney for Plaintiffs

## JURY DEMAND

Plaintiffs hereby demand a jury as to all issues in this case.

Matthew Yackshaw (#0019752)

## PRAECIPE FOR SUMMONS

TO THE CLERK OF COURT:

Please issue Summons and Complaint upon Defendant United States of America at the following addresses:

UNITED STATES OF AMERICA
c/o United States Attorney General
U.S. Department of Justice
Washington, D.C. 20530

AND

UNITED STATES OF AMERICA
c/o United States Attorney
Northern District of Ohio
Carl B. Stokes U.S. Courthouse
801 West Superior Avenue
Cleveland, Ohio  44113-1830

*Matthew Yackshaw*

Matthew Yackshaw (#0019252)

y:\01888\34\complaint1.doc[6/18/04:as]

23